ATANASIA MIRANDA, como madre con patria potestad de su
menor hija CARMEN LYDIA MIRANDA, demandante y ape-
lante, *v.* RAMÓN CACHO VEGA, demandado y apelado.

Núm. 9517.—*Sometido:* Junio 3, 1947. *Resuelto:* Junio 27, 1947.

*Eduardo Pérez Casalduc,* abogado de la apelante; *Luis E. Dubón,*
abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del
tribunal.

El 24 de mayo de 1945 la apelante, "como madre con pa-
tria potestad de su menor hija Carmen Lydia Miranda,"
presentó demanda contra el apelado solicitando que se dic-
tara sentencia declarando a la menor hija natural reconocida
del apelado "con los demás pronunciamientos consiguientes."
El apelado contestó la demanda, negando todos los hechos.
La corte de distrito, en 16 de noviembre de 1945, dictó sen-
tencia declarando: (*a*) que ha sido probada la paternidad
del demandado con respecto a la demandante Carmen Lydia
Miranda; y (*b*) que si bien el demandado es padre de la
menor demandante, ésta "no tiene el concepto legal de hija
natural y sí el de hija ilegítima," con derecho solamente a
exigir de su padre alimentos, conforme a los artículos 128 y

143 del Código Civil, ed. de 1930. Apelada para ante este Tribunal dicha sentencia fué confirmada el 26 de julio de 1946. Véase *Miranda* v. *Cacho,* 66 D.P.R. 550. El 24 de septiembre de 1946 acudió nuevamente con una acción independiente la apelante ante la corte de distrito solicitando se condenara al demandado al pago de la suma de $1,500, por los alimentos que, según ella, había dicho demandado dejado de proveerle desde la fecha de la sentencia hasta el día del pago y, además, que se obligara al demandado a pagar la suma de $150 mensuales por concepto de alimentos. Luego las partes estipularon y convinieron "que la suma de $50 mensuales es una cantidad razonable para los alimentos de la demandante Carmen Lydia Miranda, atendidas sus necesidades y las condiciones del demandado Ramón Cacho Vega." La corte inferior aprobó la estipulación y el 31 de marzo de 1947 dictó resolución decretando que el demandado solamente está obligado a pasar alimentos a la demandante en la suma convenida, desde el 24 de septiembre de 1946, por meses anticipados. De esta resolución apela la demandante.

La única cuestión envuelta en este recurso es si el demandado apelado viene obligado a pagar la pensión alimenticia concedida a la menor, desde el 24 de mayo de 1945, fecha en que se radicó la demanda de filiación o si debe pagarse desde el 24 de septiembre de 1946, fecha en que se acudió ante la corte inferior requiriendo dicha pensión.

Alega la apelante que debe concederse la pensión alimenticia a la menor desde el día 24 de mayo de 1945, fecha en que se radicó la demanda de filiación, porque en dicha demanda se solicitó de la corte, no solamente que se declarara al demandado padre natural de la demandante, sino que también se solicitó que dictase "los demás pronunciamientos consiguientes." Se alega por la apelante que esta última frase incluye la solicitud de alimentos; que, por consiguiente, dichos alimentos fueron solicitados en la demanda de filiación

y deben ser concedidos desde la fecha en que se radicó dicha demanda, según lo dispone el artículo 147 del Código Civil, edición de 1930, que reza así:

"La obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda."

No tiene razón la apelante. En la demanda de filiación solamente se ventiló el vínculo entre la demandante y el demandado y no se hizo solicitud expresa alguna en cuanto a alimentos. Mediante sentencia de la corte de distrito confirmada luego por este Tribunal (*Miranda* v. *Cacho,* supra) se declaró a la menor, hija ilegítima de Cacho y, por consecuencia, con derecho a alimentos de conformidad con al artículo 128 del Código Civil. Pero el hecho de que la menor tenga derecho a alimentos no significa que el obligado deba pasarlos en ausencia de requerimiento. Tiene el alimentista que exigirlos expresamente mediante solicitud a ese efecto. A este respecto dice Manresa en su obra "Comentarios, Código Civil", tomo 1, pág. 684, comentando el artículo 148 del Código Civil español, que concuerda con el artículo 147 del nuestro, que:

"La ley de Matrimonio civil, en su art. 74, había establecido que la obligación de dar alimentos sería exigible desde que los necesitase para subsistir la persona que tuviese derecho a percibirlos; pero no dijo nada acerca de la época a partir de la cual deberían ser abonados, en el caso de no haberlos reclamado el alimentista desde que nació su necesidad, sino algún tiempo después, y ese silencio de la ley hizo surgir la duda de si serían o no debidos durante mucho tiempo.

"La jurisprudencia vino a resolver esta dificultad en el sentido de que los alimentos sólo se debían desde que se reclamaban, y de acuerdo con dicha jurisprudencia se ha adicionado el antiguo precepto, disponiéndose que no serán abonados sino desde la fecha de la interposición de la demanda. Los alimentos responden a una necesidad imperiosa, sin la cual no serían exigibles, y la ley supone que no existe esa necesidad mientras no se reclamen judicialmente."

En este caso fueron reclamados por primera vez el 24 de septiembre de 1946, y es desde esta fecha que surge la obligación de pasarlos, de conformidad con el artículo 147, supra, que dispone que no se abonarán sino desde la fecha en que se interponga la demanda. No cometió error la corte inferior al conceder los alimentos comenzando el 24 de septiembre de 1946, fecha en que se radicó la demanda.

*Debe confirmarse la resolución apelada.*